Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: gheaton@duanemorris.com

Attorneys for Plaintiff and Chapter 7 Trustee
LINDA S. GREEN

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>TAMALPAIS BANCORP,<br>fka EPIC BANCORP,<br><br>Debtor. | Case No. 10-13707 AJ<br><br>Chapter 7 |
| LINDA S. GREEN, in her capacity as Chapter 7 Trustee for TAMALPAIS BANCORP, f/k/a EPIC BANCORP,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as Receiver for Tamalpais Bank,<br><br>Defendant. | Adversary Proceeding No. 10-01168 AJ<br><br>**CHAPTER 7 TRUSTEE'S REPLY TO COUNTERCLAIM OF FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR TAMALPAIS BANK** |

Plaintiff and counterdefendant Linda S. Green ("Trustee"), chapter 7 trustee for the bankruptcy estate of Tamalpais Bancorp, f/k/a Epic Bancorp ("Debtor"), files this reply to the counterclaim ("Counterclaim") by defendant Federal Deposit Insurance Corporation ("FDIC"), and submits as follows:

DM3\1767522.1 R1662/00001     1

REPLY TO COUNTERCLAIM BY FDIC – A.P. NO. 10-01168 AJ

# PRELIMINARY STATEMENT

1.  Responding to paragraph 1 of the Counterclaim, the Trustee admits that by filing the Counterclaim (as well as its proof of claim) the FDIC has submitted to the jurisdiction of the Bankruptcy Court so that the Bankruptcy Court may determine, *inter alia*, the nature and extent of the parties' interests in the subject tax refunds. The Trustee denies the remaining allegations in paragraph 1 of the Counterclaim.

# JURISDICTION AND VENUE

2.  The Trustee admits the allegations in paragraph 2 of the Counterclaim.

3.  Responding to paragraph 3 of the Counterclaim, the Trustee admits that on November 30, 2010 she filed a complaint commencing the instant adversary proceeding. The Trustee denies the remaining allegations in paragraph 3 of the Counterclaim.

4.  The Trustee admits the allegations in paragraph 4 of the Counterclaim.

5.  The Trustee denies the allegations in paragraph 5 of the Counterclaim insofar as the District Court's order of withdrawal was vacated pursuant to an Order Granting Motion for Leave to File Motion for Reconsideration and Vacating Order of Withdrawal entered April 19, 2011 [Document 22 in District Court Case No. 11-cv-00076-JSW]. Moreover, while the Counterclaim does not contain a statement concerning the core or non-core nature of this proceeding as required by Fed. R. Bankr. P. 7008(a), the Trustee admits that the relief sought in the Counterclaim is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C) and (O).

6.  The Trustee admits the allegations in paragraph 6 of the Counterclaim.

7.  The Trustee denies the allegations in paragraph 7 of the Counterclaim.

# THE PARTIES

8.  Responding to the allegations in paragraph 8 of the Counterclaim, the Trustee admits that Tamalpais Bank (the "Bank") was a bank located in San Rafael, California; that the

Bank was closed by the California Department of Financial Institutions on April 16, 2010; and that the FDIC was named as the receiver of the Bank. The Trustee lacks knowledge or information concerning the truth of the remaining allegations in paragraph 8, and denies these allegations.

9. The allegations in paragraph 9 of the Counterclaim constitute legal conclusions to which no response is required, the Trustee lacks knowledge and information concerning the truth of these allegations, and the phrase "stands in the shoes of" is vague and subject to varying interpretations. Accordingly, the Trustee denies the allegations in paragraph 9 of the Counterclaim.

10. Responding to the allegations in paragraph 10 of the Counterclaim, the Trustee objects to use of the phrase "stands in the shoes of," as it is vague and subject to varying interpretations. The Trustee admits that the Bank is a wholly-owned subsidiary of the Debtor. The Trustee admits that she is the duly appointed, qualified and acting chapter 7 trustee of the Debtor's bankruptcy estate, and, as such, has all the rights, powers and standing as conferred on her by the Bankruptcy Code and other applicable law. The Trustee denies the remaining allegations in paragraph 10 of the Counterclaim.

**BACKGROUND**

11. The Trustee admits the allegations in the first two sentences of paragraph 11 of the Counterclaim. The Trustee lacks information or belief concerning the allegations in the remainder of paragraph 11, and denies these allegations.

12. Responding to paragraph 12 of the Counterclaim, the Trustee admits that the Debtor and the Bank are parties to a tax sharing agreement dated January 1, 2005. The Trustee denies the remaining allegations in paragraph 12 of the Counterclaim.

13. The Trustee lacks knowledge or information concerning the allegations in paragraph 13 of the Counterclaim, and denies these allegations.

14. The Trustee lacks knowledge or information concerning the allegations in paragraph 14 of the Counterclaim, and denies these allegations.

15. Responding to the allegations in paragraph 15 of the Counterclaim, the Trustee admits that the Internal Revenue Code contains provisions addressing NOL carry-backs, the terms of which speak for themselves, and denies the remaining allegations.

16. The Trustee admits the allegations in paragraph 16 of the Counterclaim.

17. The Trustee lacks information or belief concerning the allegations in the first sentence of paragraph 17 of the Counterclaim, and denies these allegations. The Trustee denies the remaining allegations in paragraph 17 of the Counterclaim.

18. Responding to paragraph 18 of the Counterclaim, the Trustee admits that the Debtor filed a carry-back election and tax refund on Form 1139 Corporation Application for Tentative Refund for the consolidated group, and denies the remaining allegations.

19. Responding to the allegations in paragraph 19 of the Counterclaim, the Trustee admits that she has received a tax refund from the California Franchise Tax Board in the approximate amount of $650,000, and denies the remaining allegations.

20. Responding to the allegations in paragraph 20 of the Counterclaim, the Trustee admits that she has received no tax refunds other than as indicated in the preceding paragraph. The Trustee lacks knowledge or information concerning the remaining allegations in paragraph 20, and denies these allegations.

21. The Trustee lacks knowledge or information concerning the allegations in paragraph 21 of the Counterclaim, and denies these allegations.

22. The Trustee denies the allegations in paragraph 22 of the Counterclaim.

23. The Trustee denies the allegations in paragraph 23 of the Counterclaim.

24. Responding to the allegations in paragraph 24 of the Counterclaim, the Trustee lacks knowledge or information concerning the claims bar date referenced, and denies this allegation. The Trustee denies the remaining allegations in paragraph 24 of the Counterclaim.

25. The Trustee lacks knowledge or information concerning the allegations in paragraph 25 of the Counterclaim, and denies these allegations.

26. The Trustee lacks knowledge or information concerning the allegations in paragraph 26 of the Counterclaim, and denies these allegations.

27. The Trustee lacks knowledge or information concerning the allegations in paragraph 27 of the Counterclaim, and denies these allegations.

28. The Trustee lacks knowledge or information concerning the allegations in paragraph 28 of the Counterclaim, and denies these allegations.

29. Responding to the allegations in paragraph 29 of the Counterclaim, the Trustee admits that in her initial complaint she sought, *inter alia*, a determination that the subject tax refunds constitute property of the Debtor's bankruptcy estate.

30. The Trustee admits the allegations in paragraph 30 of the Counterclaim.

31. The Trustee admits the allegations in paragraph 31 of the Counterclaim, although the Trustee notes that the District Court's withdrawal order was subsequently vacated, and the adversary proceeding was transferred back to the Bankruptcy Court, pursuant to an order of the District Court entered April 19, 2011.

32. The Trustee admits the allegations in paragraph 32 of the Counterclaim, although the Trustee notes that in its proof of claim the FDIC also requested that the Bankruptcy Court determine whether the tax refunds are property of the Debtor's bankruptcy estate.

33. The Trustee admits the allegations in paragraph 33 of the Counterclaim.

## RELIEF REQUESTED

34. Responding to paragraph 34 of the Counterclaim, the Trustee incorporates the above responses into the Counterclaim as if set forth in full herein.

35. The Trustee denies the allegations in paragraph 35 of the Counterclaim.

36. The Trustee denies the allegations in paragraph 36 of the Counterclaim.

37. The Trustee denies the allegations in paragraph 37 of the Counterclaim.

38. The Trustee denies the allegations in paragraph 38 of the Counterclaim.

39. The Trustee denies the allegations in paragraph 39 of the Counterclaim.

40. The Trustee denies the allegations in paragraph 40 of the Counterclaim.

41. The Trustee denies the allegations in paragraph 41 of the Counterclaim.

42. The Trustee denies the allegations in paragraph 42 of the Counterclaim.

43. The Trustee denies the allegations in paragraph 43 of the Counterclaim.

44. The Trustee denies the allegations in paragraph 44 of the Counterclaim.

45. The Trustee denies the allegations in paragraph 45 of the Counterclaim.

46. The Trustee denies the allegations in paragraph 46 of the Counterclaim.

47. The Trustee admits the allegations in paragraph 47 of the Counterclaim.

## AFFIRMATIVE DEFENSES

As affirmative defenses to the claims for relief asserted in the Counterclaim, the Trustee submits as follows:

1. To the extent the FDIC seeks relief based upon FIRREA and/or other non-bankruptcy federal authorities, such relief is mooted, waived and/or obviated by the FDIC's voluntarily filing a proof of claim in the Debtor's bankruptcy case, as well as by the filing of the Counterclaim.

DM3\1767522.1 R1662/00001

6

REPLY TO COUNTERCLAIM BY FDIC – A.P. NO. 10-01168 AJ
Case: 10-01168  Doc# 24  Filed: 04/28/11  Entered: 04/28/11 06:39:39  Page 6 of 8

2. To the extent the FDIC seeks relief based upon FIRREA and/or other non-bankruptcy federal authorities, such relief is barred by applicable statutes of limitation and/or statutes of repose.

3. The FDIC's contention that the tax refunds are not property of the Debtor's bankruptcy estate is barred by the doctrine of waiver.

4. The FDIC's contention that the tax refunds are not property of the Debtor's bankruptcy estate is barred by the doctrine of laches.

5. The FDIC's contention that the tax refunds are not property of the Debtor's bankruptcy estate is barred by the doctrine of estoppel.

6. The FDIC's contention that the tax refunds are not property of the Debtor's bankruptcy estate is barred by the doctrine of unclean hands.

7. The Trustee reserves the right to assert additional affirmative defenses based upon further investigation, analysis and discovery.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment on the Counterclaim as follows:

1. Determining that the tax refunds are property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541;

2. Determining that the FDIC has no interest in the tax refunds, and is, at most, a potential general unsecured creditor of the Debtor's bankruptcy estate, in such amount as determined according to proof;

3. Determining that the applicable taxing authorities may process and take any necessary action with regard to the Tax Refunds without any participation by the FDIC;

4. Determining that the automatic stay applies to any action taken by the FDIC with regard to the tax refunds; and

5. Granting the Trustee such other and further relief as is just and proper under the circumstances.

Dated: April 28, 2011                      **DUANE MORRIS LLP**

                                                By: /s/ Geoffrey A. Heaton (206990)
                                                      GEOFFREY A. HEATON
                            Attorneys for Plaintiff and Chapter 7 Trustee
                                                          LINDA S. GREEN